UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| SPENCER COUNTY REDEVELOPMENT COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 3:09-cv-00066-RLY-WGH |
| AK STEEL CORPORATION, | ) ) | |
| Defendant. | ) | |

**ENTRY ON SPENCER COUNTY REDEVELOPMENT COMMISSION'S RENEWED MOTION FOR SUMMARY JUDGMENT AND AK STEEL'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON ITS COUNTERCLAIM**

On May 10, 2010, Plaintiff, Spencer County Redevelopment Commission (the "Commission"), filed a renewed motion for summary judgment asking the court to reconsider its February 16, 2010, order ("February 16th Order") denying its original motion for summary judgment in light of newly discovered evidence. That same day, Defendant, AK Steel Corporation ("AK Steel"), filed a motion for summary judgment on its counterclaim. For the reasons set forth below, the court **DENIES** the Commission's renewed motion and **DENIES** AK Steel's motion for summary judgment on its counterclaim.

**I.     Background**

On February 16, 2010, this court denied the Commission's Motion for Partial Summary Judgment as well as AK Steel's Cross-Motion for Partial Summary Judgment.

1

At issue was whether AK Steel breached the parties' contract, known as the Taxpayer Agreement (the "Agreement"), by appealing tax assessments issued by the Spencer County Assessor. The court found that "material issues of fact remain as to the appropriate value of AK Steel's abatement deductions for the depreciable personal property in the Allocation Area for tax years 2005, 2006, 2007, and 2008." (Docket # 36 ("Summary Judgment Order") at 1).

Nearly three months later, on May 10, 2010, the Commission filed a Renewed Motion for Summary Judgment ("Renewed Motion") and requests that this court reconsider its denial of the Commission's original summary judgment motion. The Commission points to newly-discovered and previously-unavailable evidence which shows that a material issue of fact no longer exists. Because the Commission requests that the court reconsider its prior ruling on the same breach of contract issue in light of this new evidence, the Renewed Motion is more properly construed as a motion to reconsider.

That same day, AK Steel filed a Motion for Summary Judgment on its Counterclaim, insisting that the Commission was not entitled to compel AK Steel to pay what the Commission deems costs of collection of unpaid tax bills under the Agreement. AK Steel requests a refund of the monies paid and a judicial declaration that further such charges not be made.

On January 14, 2011, the court heard oral argument on the Commission's Renewed Motion.

## II. Motion to Reconsider Standard

Unlike reconsideration of a final judgment, which must meet the requirements of Federal Rules of Civil Procedure 59 or 60, a district court has the inherent power to reconsider interlocutory orders, such as an order denying summary judgment, as justice requires before entry of final judgment. *Niesse v. Gen. Elec. Co.*, 2001 WL 290382, at *1 (S.D.Ind. Jan. 31, 2001); *see also Lock Realty Corp. IX v. U.S. Health, LP*, 2010 WL 148296, at *1 (N.D.Ind. Jan. 13, 2010). A motion to reconsider is appropriate when the court patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error of apprehension and not reasoning, as well as when a controlling or significant change in the facts or law occurred after the order was issued. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). A party seeking reconsideration cannot introduce new evidence that could have been discovered before the original summary judgment motion or rehash previously rejected arguments. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996).

## III. Discussion

The Commission requests that (A) the court reconsider its February 16th Order, because newly-discovered evidence dispels with the remaining issue of fact; on the other hand, AK Steel asks that (B) the court grant its Counterclaim and refund the monies paid as costs of collection to the Commission.

### A. The Commission's Renewed Motion (Motion to Reconsider)

The Commission claims that in a brief filed by AK Steel before the Indiana Board of Tax Review ("IBTR"), AK Steel admits that no issue of material fact remains regarding the amount of the abatement deductions. The brief was not filed until nine days after the court's February 16th Order on the Commission's original summary judgment motion; therefore, the Commission claims that this evidence was not available for inclusion in the original motion. The Commission contends that, in the IBTR brief, AK Steel agrees to the amount of the abatement deductions and thus is judicially estopped from claiming that any issue of fact remains in this proceeding. AK Steel counters that not only is the Commission taking AK Steel's statements in its IBTR brief out of context, but the brief itself is not admissible in this proceeding.

The court agrees that the brief qualifies as new evidence, having been submitted after this court's February 16th Order, and that the brief is admissible in this proceeding. When a party seeks to use a statement or plea from another case as an admission in a second suit, courts are careful to allow the opposing party a full opportunity to explain the purported admission to demonstrate an issue of fact. *See Enquip, Inc., et al. v. Smith-McDonald Corp., et al.*, 655 F.2d 115, 118 (7th Cir. 1981). Accordingly, AK Steel's IBTR brief is admissible as an admission in this suit; however, AK Steel must be given the opportunity to explain the brief and demonstrate the existence of an issue of material fact.

Whether AK Steel conceded the amount of the abatement deductions in its IBTR

brief is questionable. In the IBTR brief, AK Steel's alleged admission is as follows: "AK Steel agrees with Respondent that its abatement deductions should not be reduced in the event AK Steel ultimately is denied the benefits of Pool No. 5." (Commission's Exhibit A, p. 50). AK Steel maintains that this statement is entirely consistent with its position in this proceeding, which is that the abatement deductions should not be reduced regardless of whether AK Steel receives Pool No. 5 benefits. In its IBTR brief, AK Steel actually goes on to say that "[w]hat still remains in dispute, however, is the treatment of AK Steel's abatement deductions in the event AK Steel's use of Pool No. 5 ultimately is sustained." (*Id.*). Moreover, the Commission continues to assert that the abatement deductions should be reduced if AK Steel receives Pool No. 5 benefits. Therefore, an issue of fact remains as to the amount of the abatement deductions.

Based upon AK Steel's statements in its IBTR brief and its corresponding explanation of the alleged admission, an issue of material fact still exists regarding the amount of the abatement deductions.

**B.     AK Steel's Counterclaim**

Essentially, AK Steel accuses the Commission of breaching the Agreement by collecting payments from AK Steel labeled "costs of collection," which included legal and professional fees related to the IBTR appeals and this proceeding, before any such costs were incurred by the Commission.

Whether AK Steel is entitled to a refund of monies it paid as so-called "costs of collection" is tied to whether AK Steel first breached the Agreement by filing appeals

with the IBTR. In Indiana, the first party to materially breach a contract may not maintain an action against or seek to enforce the contract against the other party should that party subsequently breach the contract. *Harvest Life Ins. Co. v. Getche*, 701 N.E.2d 871, 875 (Ind.Ct.App.1998) (citing *Licocci v. Cardinal Assoc., Inc.*, 492 N.E.2d 48, 52 (Ind.Ct.App.1986)); *see also Winforge, Inc. v. Coachmen Indus., Inc.*, 2008 WL 4098975, at *14 (S.D.Ind. Aug. 27, 2008). Accordingly, if AK Steel materially breached the Agreement by filing tax appeals, it may not enforce the Agreement against the Commission, even if the Commission subsequently breached the Agreement by collecting any so-called "costs of collection" prematurely. If AK Steel did not breach the Agreement, then a refund of the costs of collection may be appropriate. AK Steel's breach is a disputed issue of material fact with regard to its Counterclaim; therefore, summary judgment on AK Steel's Counterclaim is not appropriate.

**IV. Conclusion**

Based on the foregoing reasons, Plaintiff Spencer County Redevelopment Commission's Renewed Motion for Summary Judgment (Docket # 46) and Defendant AK Steel Corporation's Motion for Summary Judgment on its Counterclaim (Docket # 43) are **DENIED**.

**SO ORDERED** this 26th day of January 2011.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic copies to:

Erik Christopher Johnson
ICE MILLER LLP
erik.johnson@icemiller.com

Todd C. Lady
TAFT STETTINIUS & HOLLISTER LLP
tlady@taftlaw.com

Francis H. Lueken Jr.
LUEKEN LAW OFFICE
luekenlaw@psci.net

Fred Anthony Paganelli
TAFT STETTINIUS & HOLLISTER LLP
paganelli@taftlaw.com

Mark James Richards
ICE MILLER LLP
mark.richards@icemiller.com

Philip A. Whistler
ICE MILLER LLP
philip.whistler@icemiller.com