UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

SPENCER COUNTY REDEVELOPMENT )
COMMISSION, )
      Plaintiff, )
       )
   vs. ) 3:09-cv-00066-RLY-WGH
       )
AK STEEL CORPORATION, )
      Defendant. )

**ENTRY ON SPENCER COUNTY REDEVELOPMENT COMMISSION'S MOTION TO STRIKE NEW AFFIRMATIVE DEFENSES RAISED IN AK STEEL'S ANSWER**

Plaintiff, Spencer County Redevelopment Commission (the "Commission"), moves to strike affirmative defenses D, E, F, and G filed for the first time on June 13, 2011, by Defendant, AK Steel Corporation ("AK Steel"), in its Answer to First Amended Complaint, Affirmative Defenses, and Counterclaim. For the reasons set forth below, the Commission's motion is **GRANTED.**

**I.    Background**

The Commission filed this action against AK Steel on June 2, 2009. (Complaint). In the Complaint, the Commission alleged that AK Steel breached its Taxpayer Agreement (the "Agreement") with the Commission by filing tax appeals with the Indiana Board of Tax Review for the years 2004-2008. (Complaint ¶ 5). In turn, AK Steel filed a counterclaim, alleging that the Commission also breached the Agreement. (Counterclaim

1

¶ 13).

After two years of litigation, this matter was set for trial on April 11, 2011. At the final pre-trial conference on March 30, 2011, AK Steel objected to the litigation of its 2009 and 2010 tax appeals, arguing that the Commission never properly amended the Complaint to include appeals for those years. The Commission erroneously assumed that by filing supplemental affidavits regarding AK Steel's 2009 and 2010 tax appeals in December 2010 with their Renewed Motion for Summary Judgment, those appeals were incorporated as claims. Despite the court's warning that a request on the eve of trial to amend the Complaint could result in losing the trial date, the Commission moved for leave to file its First Amended Complaint on March 31, 2011. On April 4, 2011, AK Steel filed an objection to the Commission's motion. On Friday, April 7, 2011, the final business day prior to trial, AK Steel filed an unopposed motion to continue the trial due to the death of AK Steel's corporate representative's mother, which the court granted. The parties and the court conferenced on Monday, April 11, 2011, to determine a new trial date and discuss the Commission's motion to amend the Complaint. At no time did AK Steel indicate a desire to amend its pleadings. The trial was postponed until October 17, 2011.

Due to the continuance of the trial upon AK Steel's request by more than six months, the court granted the Commission's motion for leave to file a First Amended Complaint for the limited purpose of including claims for the 2009 and 2010 tax appeals. (Docket # 142 ("Entry") at 3). In its Entry, the court determined that "judicial economy is

served by granting [the Commission] leave to amend the Complaint to include claims for the 2009 and 2010 tax appeals," and that the court would permit discovery relevant to those added claims. (*Id.* at 2). In the spirit of fairness, the court also granted AK Steel leave to amend the Counterclaim to include "any alleged breaches by the Commission that occurred after the filing of the Counterclaim." (*Id.* at 3).

As instructed, the Commission filed a First Amended Complaint on May 17, 2011, to include claims related to AK Steel's 2009 and 2010 tax appeals. After requesting and being granted an extension of time to respond to the Commission's First Amended Complaint, AK Steel filed an Answer and Amended Counterclaim conforming to the guidelines set forth in the court's Entry, along with four new affirmative defenses for which AK Steel did not seek leave to file. (Answer to First Amended Complaint). Those new affirmative defenses include allegations that the Commission is not a real party in interest with respect to its claims for damages, the Commission lacks standing to pursue its claims for damages, the Commission's claim for injunctive relief is barred by the Anti-Injunction Act, and that the court lacks subject matter jurisdiction to determine or adjudicate AK Steel's alleged liabilities for Indiana state personal property tax. (*Id.* at 4). In response, the Commission moves to strike the four new affirmative defenses.

## II. Motion to Strike Standard

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Although motions to strike are generally disfavored, they

may be granted if they remove unnecessary clutter from a case and expedite, rather than delay, the case. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). The decision whether to strike material under Rule 12(f) is within the discretion of the district court. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992).

**III.    Discussion**

First, the parties dispute whether the Commission's First Amended Complaint is in substance an amended complaint or a supplemental complaint. Second, the parties disagree as to whether AK Steel was required to seek leave of the court to add new affirmative defenses to its Answer to First Amended Complaint, or whether it was allowed to do so as a matter of right. Furthermore, the Commission claims that AK Steel waived the new defenses by failing to assert them in its original pleading, and that it would be seriously prejudiced by the allowance of these defenses due to the rapidly approaching trial date. AK Steel insists that even if it is not permitted to assert new defenses as a matter of right, the court should grant AK Steel leave to do so.

    **A.    Amended and Supplemental Pleadings**

Although titled "First Amended Complaint," the Commission contends that the amended complaint is in substance a supplemental complaint, and thus new affirmative defenses are permitted only if asserted in response to the supplemented portions of the complaint. Federal Rule of Civil Procedure 15 ("Rule 15") distinguishes supplemental complaints from amended complaints, defining a supplemental pleading as one that sets

4

out "any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." FED. R. CIV. P. 15(a), (d). A district court in this circuit specified this distinction by declaring an amended complaint to be "one that merely adds new allegations that could have been made at the time the original complaint was filed," while a complaint that "adds new allegations reflecting changes that have taken place since the original complaint was filed" is merely supplemental. *BBI Enterprises, Inc. v. City of Chicago*, 1994 WL 649966 (N.D. Ill. Nov. 16, 1994); *see also Finfrock v. Jordan*, 105 F.3d 660 (7th Cir. 1996) (a true amended complaint amends the original claims, whereas a supplemental complaint adds new defenses and/or claims). The purpose and function of a supplemental pleading is "to set forth new facts that have occurred since the filing of the original pleading and that affect the controversy and the relief sought," and to bring the action up to date. *Weisbord v. Mich. State Univ.*, 495 F.Supp. 1347, 1350-51 (W.D. Mich. 1980). Even if what is, in essence, a supplemental complaint is labeled an amended complaint, "[a]ny misnomer of the additions to the complaint as amendments rather than supplements constitutes harmless error under [Federal Rule of Civil Procedure] 61 . . . ." *Westwood v. Cohen*, 838 F.Supp. 126, 132 (S.D.N.Y. 1993).

The Commission's First Amended Complaint is in substance a supplemental complaint. The original Complaint was filed on May 21, 2009, and included breach of contract claims regarding AK Steel's tax appeals for the years 2004-2008. (Complaint). After the trial was continued at AK Steel's request, the Commission requested, and was granted, leave to amend its Complaint. Following the court's instructions, the

5

Commission added claims regarding AK Steel's 2009 and 2010 tax appeals, appeals which had not been filed at the time of the original Complaint and therefore could not have been included initially. (First Amended Complaint at 2). The purpose of this pleading was to include facts that occurred after the filing of the original Complaint, which affected the damages sought by the Commission, and brought the action up to date; therefore, the First Amended Complaint is in substance a supplemental complaint, rather than an amended complaint, and any mislabeling is harmless error under Federal Rule of Civil Procedure 61. *See Westwood*, 838 F.Supp. at 132; *Weisbord*, 495 F.Supp. at 1350-51.

### B. Permissible Scope of a Response to an Amended Pleading

AK Steel insists that it may assert new defenses as a matter of right, but that even if it was required to seek leave of the court to file its new affirmative defenses, the court should allow AK Steel to do so according to the principles of fairness and equity. On the other hand, the Commission contends that the new affirmative defenses are not in response to the supplemented portions of the First Amended Complaint, and that allowing these new defenses would seriously prejudice the Commission.

Federal courts have developed three approaches regarding the permissible scope of a response to an amended pleading without leave of court. *Buffalo Wild Wings, Inc. v. Buffalo Wings & Rings, LLC*, 2011 WL 2261298, at *3 (D. Minn. Mar. 21, 2011) (citing *S. New Eng. Tel. Co. v. Global NAPS, Inc.*, 2007 WL 521162, at *1-2 (D. Conn. Feb. 14, 2007)). Under the permissive approach, as a matter of right a party may amend its answer

without limitation and regardless of the scope of the changes in the amended complaint. *Id.* (internal citations omitted). Conversely, under the narrow approach, a party may only respond to an amended complaint as a matter of right if its answer is strictly confined to the new issues raised in the amended complaint. *Id.* (citing *Global NAPS, Inc.*, 2007 WL 521162, at *2; *Wechsler v. Hunt Health Sys., Ltd.*, 186 F.Supp.2d 402, 416 (S.D.N.Y. 2002)). Finally, under the moderate approach, changes allowed in an amended response are limited to the breadth of the changes made in the amended complaint. *Buffalo Wild Wings, Inc.*, 2011 WL 2261298, at *4 (citing *Uniroyal Chem. Co., Inc. v. Syngenta Crop Prot., Inc.*, 2005 WL 677806, *2 (D. Conn. Mar. 23, 2005); *Pereira v. Cogan*, 2002 WL 1822928, *4 (S.D.N.Y. Aug. 7, 2002)). The rationale of the moderate approach is that if every amendment allowed defendants to assert new counterclaims and defenses as a matter of right, claims that would otherwise be barred or precluded could be revived without cause, depriving the court of its ability to effectively manage the litigation. *EEOC v. Morgan Stanley & Co., Inc.*, 211 F.R.D. 225, 227 (S.D.N.Y. 2002). Although these approaches are typically discussed in the context of complaints amended pursuant to Rule 15(a), courts have applied the same logic to responses to supplemental complaints under Rule 15(d). *See Refuse Fuels, Inc. v. Nat'l Union Fire Ins. Co. of Pitt., PA*, 139 F.R.D. 576, 578 (D. Mass. 1991) (finding that if a motion for leave to amend the complaint is essentially a motion for leave to file a supplemental complaint, defendants should seek leave to serve new counterclaims or affirmative defenses, and no new counterclaims or affirmative defenses are permitted unless they are in response to those

7

portions of the pleadings which were supplemented) (citing *Chrysler Corp. v. Fedders Corp.*, 540 F.Supp. 706, 713 (S.D.N.Y. 1982)). The court agrees with the moderate approach and considers whether AK Steel's answer affects the scope of the litigation in a manner proportional with the First Amended Complaint. *See Buffalo Wild Wings, Inc.*, 2011 WL 2261298, at *4 (citing *Global NAPS, Inc.*, 2007 WL 521161, at *2; *Pereira*, 2002 WL 1822928, at *4).

AK Steel's four new defenses asserted in its Amended Answer plainly exceed the breadth of the changes made in the Commission's First Amended Complaint. First, the new defenses are in response to the First Amended Complaint as a whole, not merely the portions of the pleadings which were supplemented. *See Refuse Fuels, Inc.*, 139 F.R.D. at 578. Second, although the court allowed the Commission to add breach of contract claims for the years 2009 and 2010, the court ensured equity and fairness by granting AK Steel leave to amend its Counterclaim to include breaches that occurred from the time the Counterclaim was filed to the present. Under the moderate approach, such a response by AK Steel would be proportional to the changes made to the Complaint, and would allow each party to bring its claims and damages up to date. Third, both the new breach of contract claims pled by the Commission for the years 2009 and 2010, and the additional breach of contract claims pled by AK Steel in its Amended Counterclaim, are nearly identical to and brought under the same legal theories as the original claims; therefore, neither party is prejudiced by those additions. Furthermore, allowance of these affirmative defenses actually would be prejudicial to the Commission, because it would

8

most certainly delay the final disposition of this action, which is more than two years old and set for trial in a matter of weeks, due to the need for additional time for discovery and briefing of dispositive motions. *Wechsler*, 186 F.Supp.2d at 415 (in determining whether amendment would be prejudicial, the court may consider the degree to which it would delay the final disposition of the action).

Finally, AK Steel's new affirmative defenses were available prior to the filing of the First Amended Complaint; therefore, again, AK Steel's amendment was not responsive to the changes in the First Amended Complaint. Nothing about the additional claims asserted by the Commission opens the door to the new affirmative defenses asserted by AK Steel. Moreover, AK Steel failed to prove that its affirmative defenses were not untimely. Although AK Steel claims that it was not aware of the inclusion of lost tax revenues as part of the damages claimed by the Commission until the final pretrial conference in March 2011, a letter to AK Steel's counsel dated November 2, 2009, clearly articulates such damages. (Commission's Ex. A). Therefore, AK Steel could have asserted the affirmative defenses that the Commission is not the real party in interest and lacks standing well before the filing of its Amended Answer on June 13, 2011. Regarding the new affirmative defenses involving the Anti-Injunction Act and the exclusive jurisdiction of the Indiana Tax Court over this matter, AK Steel's one sentence explanation that those defenses were not appropriate until AK Steel's state taxpayer appeals were lodged with the Tax Court on June 13, 2011, is not enough to prove that those defenses were not untimely. Because AK Steel failed to assert these defenses

9

promptly when their availability was apparent, as well as failed to adequately prove that they were not available, it may not use the filing of the Commission's First Amended Complaint as a mechanism to assert new defenses as a matter of right. *See Venters v. City of Delphi*, 123 F.3d 956, 967-68 (7th Cir. 1997) (parties must assert affirmative defenses in a timely fashion once their availability is apparent, and defendants should not be able to "'lie behind a log' and ambush a plaintiff with an unexpected defense") (quoting *Perez v. United States*, 830 F.2d 54, 57 (5th Cir. 1987)).

Furthermore, despite its participation in several conferences during which Plaintiff's request to amend the Complaint was discussed, AK Steel failed to mention its intention to file any new affirmative defenses. *See Morgan Stanley & Co., Inc.*, 211 F.R.D. at 227. In *Morgan Stanley & Co.*, the court struck defendant's new affirmative defenses and denied leave to amend partly because defendant failed to inform the court of its intent to file new affirmative defenses in response to the amended complaint, despite several opportunities to do so. *See id.* Knowledge of AK Steel's intention to file new affirmative defenses in response to an amended complaint would have been significant to the determination of the Commission's request to supplement its complaint. *See Buffalo Wild Wings, Inc.*, 2011 WL 2261298, at *5 (defendant did not inform the court of its intention to respond to an amended pleading with a new counterclaim, which would have been significant in the determination of the motion for leave to amend). Similarly, AK Steel's assertion of new affirmative defenses that were available prior to any changes to the Complaint begs the court to call into question AK Steel's motive for requesting a

10

continuance on the eve of trial. *See id.* ("The Court can only assume that [the defendant] has delayed in asserting these defenses for the purpose of vexation."). Also worth noting is the fact that AK Steel requested an enlargement of time until June 13, 2011, to file the Amended Answer, the very same date that two of its new affirmative defenses were allegedly made available, and again calling into question AK Steel's motive for requesting the enlargement of time.

AK Steel's new affirmative defenses were not asserted in response to the supplemental claims in the First Amended Complaint, the court was fair in granting AK Steel leave to supplement its Counterclaim, the parties were not prejudiced by the supplemental pleadings, and the new defenses were either available, or not proven to be unavailable, prior to the filing of the First Amended Complaint; therefore, the defenses added by AK Steel are stricken and leave to amend their affirmative defenses is denied.

## IV. Conclusion

For the reasons set forth above, the Commission's Motion to Strike (Docket # 152) is **GRANTED**, and any request by AK Steel to amend its affirmative defenses is **DENIED**.

**SO ORDERED** this 26th day of August 2011.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic copies to:

Abigail B. Cella
ICE MILLER LLP
abby.cella@icemiller.com

Erik Christopher Johnson
ICE MILLER LLP
erik.johnson@icemiller.com

Richard A. Kempf
TAFT STETTINIUS & HOLLISTER LLP
rkempf@taftlaw.com

Todd C. Lady
TAFT STETTINIUS & HOLLISTER LLP
tlady@taftlaw.com

Francis H. Lueken Jr.
LUEKEN LAW OFFICE
luekenlaw@psci.net

Thomas Eugene Mixdorf
ICE MILLER LLP
thomas.mixdorf@icemiller.com

Fred Anthony Paganelli
TAFT STETTINIUS & HOLLISTER LLP
paganelli@taftlaw.com

Gayle A. Reindl
TAFT STETTINIUS & HOLLISTER LLP
greindl@taftlaw.com

Mark James Richards
ICE MILLER LLP
mark.richards@icemiller.com

Philip A. Whistler
ICE MILLER LLP
philip.whistler@icemiller.com