UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

SPENCER COUNTY REDEVELOPMENT )
COMMISSION, )
       Plaintiff, )
)
vs. ) 3:09-cv-00066-RLY-WGH
)
AK STEEL CORPORATION, )
       Defendant. )

**ENTRY ON SPENCER COUNTY REDEVELOPMENT COMMISSION'S
MOTION TO EXCLUDE EXPERT WITNESS EDWARD O. DELANEY, ESQ.**

In its Counterclaim, Defendant, AK Steel Corporation ("AK Steel"), claims that Plaintiff, Spencer County Redevelopment Commission (the "Commission"), breached a contract between the parties by charging AK Steel for professional fees, including attorneys fees for which AK Steel is not responsible. Accordingly, if the Commission is found to have breached the contract as AK Steel alleges, AK Steel seeks to recover those professional fees as damages. On August 1, 2011, AK Steel submitted the expert witness report of Edward O. Delaney ("Mr. Delaney") as a response to the Commission's expert, Wayne Turner ("Mr. Turner"), regarding Mr. Turner's analysis of the reasonableness of the fees charged to AK Steel. The Commission moves to exclude Mr. Delaney as an expert witness. For the reasons set forth below, the court **GRANTS** the Commission's motion.

1

## I. Background

Following the Order Modifying Case Management Plan (Docket # 53, "July 2010 CMP"), the Commission submitted an expert report by Mr. Turner on August 2, 2010, regarding the reasonableness of the attorneys' fees charged by Ice Miller in connection with the proceedings between the Commission and AK Steel before the Indiana Board of Tax Review ("IBTR"), the Spencer Circuit Court, and this court. (The Commission's Attachment B, Report of Wayne C. Turner (the "2010 Turner Report") at 2). The CMP also required AK Steel to serve its expert reports within thirty (30) days after the Commission served its expert witness disclosure. It is undisputed that AK Steel did not file an expert report addressing the reasonableness of the attorneys' fees charged by Ice Miller within the thirty-day time period. (The Commission's Brief at 3).

Also undisputed is that on March 28, 2011, Mr. Turner filed a supplemental expert report over a month after discovery had closed and only two weeks before the trial date. At the final pre-trial conference on March 30, 2011, the court took AK Steel's motion to exclude Mr. Turner's suppplemental report under advisement, but indicated it was likely to exclude it due to the impending trial date. On Friday, April 7, 2011, the last business day before the trial was set to begin on April 11, 2011, AK Steel moved for a continuance due to the death in the family of a key witness. (Order Granting AK Steel's Agreed Motion for Continuance (Docket # 138)). Contrary to AK Steel's assertion that the court never made a ruling on the supplemental report, the court did in fact deny AK Steel's motion to exclude Mr. Turner's supplemental report, because AK Steel now had several

months, rather than two weeks, to take action with regard to the supplemental report. (Entry on Motion to Exclude Expert Testimony Based on Untimely Supplemental Expert Report (Docket # 144)).

Under the modified CMP that was approved after the April 11, 2011, continuance, the deadline for expert reports and supplemental expert reports was July 1, 2011. (Order Granting Parties' Joint Motion to Modify Case Management Plan (Docket # 148, "June 2011 CMP")). Responsive expert reports were then due by August 1, 2011. (*Id.*). On July 1, 2011, the Commission submitted a supplemental expert report by Mr. Turner. (The Commission's Attachment C, Report of Wayne C. Turner (the "2011 Turner Report")). On August 1, 2011, AK Steel submitted a responsive expert report by Mr. Delaney. (The Commission's Attachment A, Responsive Report of Edward O. Delaney, Esq. (the "Delaney Report")). Mr. Delaney's report responds to both the 2010 Turner Report and 2011 Turner Report.

## II. Discussion

The Commission moves for the exclusion of Mr. Delaney as an expert witness on the reasonableness of the Commission's attorneys' fees, because his expert report (A) is late and (B) fails to meet the requirements of Federal Rule of Evidence 702 ("FRE 702") and Federal Rule of Civil Procedure 26 ("FRCP 26").

### A. Timeliness of Mr. Delaney's Expert Report

First, to the extent that the Delaney Report responds to the 2010 Turner Report, the Delaney Report is late. AK Steel had a thirty-day window of opportunity to submit an

expert report in response to the 2010 Turner Report, which addressed the reasonableness of the Commission's attorneys' fees.  That window closed, and AK Steel failed to take advantage of its opportunity to respond to the 2010 Turner Report regarding reasonableness of attorneys' fees.

AK Steel argues that nothing in the language of the June 2011 CMP limited Mr. Delaney to a response to the 2011 Turner Report; rather, AK Steel believes that Mr. Delaney was permitted to respond to all of Mr. Turner's previously filed reports.  The June 2011 CMP provides that "[e]xpert reports and supplements thereto shall be served on July 1, 2011, responsive expert reports shall be served by August 1, 2011."  (June 2011 CMP).  AK Steel's interpretation of the June 2011 CMP is unreasonable, given the fact that the window of opportunity to respond to the 2010 Turner Report expired nearly a year earlier.  Nothing in the language of the June 2011 CMP states that the parties may respond to expert reports filed before July 1, 2011.  The only reasonable interpretation of the June 2011 CMP is that a party has until August 1, 2011, to respond to an expert report served on July 1, 2011.

Furthermore, since the continuance the court has made clear that neither the continuance of the trial nor the order allowing the parties to supplement their claims permitted the parties to reopen discovery on any issues other than the supplementations or inject new issues into the case.  In granting the Commission leave to amend its Complaint, the court indicated its willingness only to reopen discovery relevant to the added claims. (Entry on Plaintiff's Motion for Leave to File First Amended Complaint

(Docket # 142)). Additionally, the court struck four new affirmative defenses raised in AK Steel's Amended Answer in part because the new defenses were not specific to the added claims, injected new legal issues into the case, and some were available long before the filing of the First Amended Complaint. (Entry on Spencer County Redevelopment Commission's Motion to Strike New Affirmative Defenses Raised in AK Steel's Answer (Docket # 169) at 11). In contrast, the added claims by the Commission and added Counterclaims by AK Steel were brought under the same legal theories as the original claims and were brought in the interest of judicial economy, so as to avoid a separate action for alleged breaches and additional damages that occurred since the filing of the Complaint. (*Id.*). Here, AK Steel had an opportunity to respond to the 2010 Turner Report, but failed to do so. The reopening of discovery relevant to the added claims and counterclaims in no way gives AK Steel a second chance to respond to an expert report filed almost a year earlier, just as the supplementation of the Commission's Complaint in no way permitted AK Steel a second chance to assert new affirmative defenses to the Commission's original claims.

A response to the 2010 Turner Report was due in September 2010, and nothing in the June 2011 CMP changes that fact. Accordingly, Mr. Delaney's August 2011 response to the 2010 Turner Report is late, and that portion of the Delaney Report is excluded.

### B. Rule 702 and Rule 26

The Commission also argues that Mr. Delaney should be excluded as an expert witness, because his testimony is not admissible under FRE 702 and does not meet the

requirements of FRCP 26.

Even if the court were to disregard the tardiness of the Delaney Report, his testimony would still be excluded under FRCP 26 and FRE 702.  Under FRCP 26, any expert witness is required to submit a written expert report containing "a complete statement of all opinions the witness will express and the basis and reasons for them . . . ." FED. R. CIV. P. 26(a)(2)(B).  Also, under FRE 702, an expert witness may testify as to his opinion on a fact in issue if, among other things, the expert's specialized knowledge "will assist the trier of fact to understand the evidence or to determine a fact in issue."  FED. R. EVID. 702.  A district court's determination as to "whether that testimony would assist the trier of fact with a fact at issue" is a threshold matter.  *Smith v. Ford Motor Co.*, 215 F.3d 713, 718 (7th Cir. 2000) (internal quotations omitted).   Here, the court agrees with the Commission's contentions that the Delaney Report is not a complete statement of Mr. Delaney's opinions, and that testimony regarding the reasonableness of attorneys' fees would only serve to confuse the jurors.

First, the Delaney Report fails to provide a complete and final statement of his opinions on the reasonableness of the Commission's attorneys' fees.  In his report, Mr. Delaney himself calls his report an "interim opinion."  (Delaney Report 3).  He goes on to state that he and Mr. Turner are "not in a position to properly render a firm opinion, let alone a final one, as to whether the substantial fees being sought" are reasonable.  (*Id.*). Later, in a section labeled "Next Steps," he confesses that he needs "important questions answered before [he] can render any firm, final opinion."  (*Id.* at 7).  Finally, he states in

his conclusion that "[t]his matter is not ripe for a firm opinion as to fees . . . ." (*Id.* at 8). In his own words, Mr. Delaney admits that his opinion is not complete.

AK Steel attempts to refute such a conclusion by asserting that those statements are being taken out of context. Instead, the crux of Mr. Delaney's opinion is that due to the posture of this litigation, no expert, neither himself nor Mr. Turner, is in a position to properly render an opinion regarding the reasonableness of attorneys' fees prior to a decision on the merits in either the litigation before this court or before the tax court. On this point, AK Steel contends that the Delaney Report is complete and thus satisfies the requirements of FRCP 26. However, the court cannot ignore Mr. Delaney's persistent references to his "interim opinion" and insistence that he needs answers to questions before he "can render any firm, final opinion." Furthermore, the answers to the questions raised in the Delaney Report should be readily available to AK Steel, such as the extent to which fees for legislative lobbying are being sought, considering AK Steel has already paid the fees at issue. Ultimately, the Delaney Report is vague and indicates that his opinion is preliminary and will change in the future, and vague or preliminary reports do not meet the requirements of FRCP 26. *See Salgado by Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 741 n.6 (7th Cir. 1998) ("Expert reports must not be sketchy, vague, or preliminary in nature.") (citing FED. R. CIV. P. 26 advisory committee's note; *Sierra Club, Lone Star Chap. v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 571 (Fifth Cir. 1996)).

Second, if the jury is charged with determining whether the Commission's attorneys' fees are reasonable, the Delaney Report in no way would assist the jury in its

7

determination of that issue. The issues of liability and damages are being tried together pursuant to the court's March 3, 2011, entry, a decision supported by AK Steel. (Entry on Plaintiff's Motion to Bifurcate Trial as to Defendant's Liability on the Complaint). If Mr. Delaney concludes that not even an expert is able to make a determination regarding the reasonableness of attorneys' fees until after a decision on the merits, how would his testimony assist the jurors, considering their verdict must address both liability and damages? Also, contrary to AK Steel's assertions, the issue at hand is the reasonableness of attorneys' fees, not whether a determination on reasonableness can be made. While the court recognizes that the Delaney Report is a response to Mr. Turner's reports in which his goal is to discredit Mr. Turner's opinion, the Delaney Report is not relevant to the pertinent issue and would only serve to confuse, rather than assist, the jury. Accordingly, his testimony fails to meet the requirements of FRE 702; therefore, he is excluded as an expert witness.

Because the Delaney Report is untimely and fails to meet the requirements of FRCP 26 and FRE 702, Mr. Delaney is excluded as an expert witness.

### III. Conclusion

For the foregoing reasons, the court **GRANTS** the Commission's Motion to Exclude (Docket # 167).

**SO ORDERED** this 3rd day of October 2011.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic copies to:

Abigail B. Cella
ICE MILLER LLP
abby.cella@icemiller.com

Erik Christopher Johnson
ICE MILLER LLP
erik.johnson@icemiller.com

Richard A. Kempf
TAFT STETTINIUS & HOLLISTER LLP
rkempf@taftlaw.com

Todd C. Lady
TAFT STETTINIUS & HOLLISTER LLP
tlady@taftlaw.com

Francis H. Lueken Jr.
LUEKEN LAW OFFICE
luekenlaw@psci.net

Thomas Eugene Mixdorf
ICE MILLER LLP
thomas.mixdorf@icemiller.com

Fred Anthony Paganelli
TAFT STETTINIUS & HOLLISTER LLP
paganelli@taftlaw.com

Gayle A. Reindl
TAFT STETTINIUS & HOLLISTER LLP
greindl@taftlaw.com

Mark James Richards
ICE MILLER LLP
mark.richards@icemiller.com

Shawn M. Sullivan
TERRELL BAUGH SALMON & BORN
ssullivan@tbsblaw.com

Philip A. Whistler
ICE MILLER LLP
philip.whistler@icemiller.com